FILED
2009 Sep-09 PM 03:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA TURNER DREES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:09-cv-00401-LSC |
| | ) | |
| RALPH A. FERGUSON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

The plaintiff, Angela Turner Drees, a practicing member of the bar acting pro se, brought this action for money damages and equitable r elief pursuant to 42 U.S.C. § 1983. She claims that her Fourteenth Amendment due process and equal protection rights were violated by the defendant, Judge Ralph A. "Sonny" Ferguson of the Domestic Relations Division of the Circuit Court of Jefferson County, Alabama, based upon actions he undertook while presiding over a child-custody-modification case between the plaintiff and her ex-husband. This action was originally assigned to a magistrate judge pursuant to this court's general order of reference and 28 U.S.C. § 636. On May 6, 2009, the magistrate judge entered a report and recommendation relative to the defendant's Rule 12(b)(6), FED. R. CIV. P., motion to dismiss (Doc.[1] 5) and the plaintiff's motion for an evidentiary hearing (Doc. 10). In that report and recommendation, the magistrate concluded: (1) that this court lacks subject-matter jurisdiction to entertain the

---

[1] References to "Doc(s).___" are to the documents as numbered by the clerk of court in the court's record of the case.

plaintiff's claims for equitable relief based upon the *Rooker-Feldman*[2] doctrine and that such claims are therefore due to be dismissed without prejudice; (2) that, alternatively, if the court possesses jurisdiction to entertain her claims for equitable relief, they are due to be dismissed under Rule 12(b)(6), both because she has failed to allege that a declaratory decree was violated or that declaratory relief was unavailable and because she cannot show that she lacked an adequate remedy at law; (3) that the defendant's motion to dismiss based on judicial immunity is due to be granted in part, as it applies to the plaintiff's remaining claims, which seek money damages, and that such claims are due to be dismissed with prejudice; and (4) that the plaintiff's motion for an evidentiary hearing is due to be denied.  (Doc. 12).  The case was reassigned to the undersigned United States District Judge for all further proceedings.  (Doc. 13).  The plaintiff subsequently filed written objections to the magistrate judge's report and recommendation. (Doc. 14).

      The court has considered the entire file in this action together with the magistrate judge's report and recommendation and the plaintiff's objections and has reached an independent conclusion that the magistrate judge's report and recommendation is due to be adopted and approved.  Accordingly, the court hereby **ADOPTS** and **APPROVES** the findings and recommendation of the magistrate judge as the findings and conclusions of the court.  In accordance with the recommendation, the court concludes the plaintiff's claims for equitable relief are due to be dismissed without prejudice for lack of jurisdiction.  Alternatively, such claims for equitable relief are subject to dismissal under Rule 12(b)(6).  The plaintiff's remaining

---

[2]*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

claims, which seek money damages, are due to be dismissed with prejudice, as barred by judicial immunity. And finally, the plaintiff's motion for an evidentiary hearing is due to be denied. An appropriate order will be entered.

Done this 9th day of September 2009.

/s/ L. Scott Coogler
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671